☐ JS 44 (Rev. 3/99) ORIGINAL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Exxon Mobil Corporation

SEP 17 2002

**DEFENDANTS**

United States of America

**3 02CV-2010 D**

(b) County of Residence of First Listed Plaintiff **Dallas County**
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Moore, II
Miller & Chevalier Chartered
655 Fifteenth Street, NW, Suite 900
Washington, DC 20005 (202) 626-5800

Attorneys (If Known)
Grover Hartt, III
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201 (214) 880-9721

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

26 U.S.C. §§ 6532 and 7422. Suit to recover overpaid income taxes, plus interest.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $723,000,000 plus interest
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE Barbara M.G. Lynn     DOCKET NUMBER 3-00-CV-0815M

DATE Sept. 17, 2002       SIGNATURE OF ATTORNEY OF RECORD Robert L. Moore

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

FILED
SEP 17 2002
CLERK, U.S. DISTRICT COURT
By _____
Deputy

3 02CV-2010 D

Civil Action No.

## COMPLAINT

Exxon Mobil Corporation ("Plaintiff"), for its complaint herein, alleges as follows.

1. Plaintiff, as successor in interest to Exxon Corporation ("Exxon"), brings this complaint under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422) for recovery of federal income taxes and assessed interest paid by Exxon to the Defendant United States of America, and related statutory interest for the calendar years 1977 and 1978.

### THE PARTIES

2. Plaintiff is a New Jersey corporation. Plaintiff's world headquarters is located at 5959 Las Colinas Boulevard, Irving, Texas 75039-2298. Plaintiff's principal business is, and at

1

all relevant times was, exploring for and producing crude oil and natural gas and refining, transporting, buying and selling petroleum and petroleum products.

3.  Plaintiff's Employer Identification Number is 13-5409005, which is reflected on all returns and claims described below.

4.  Defendant is the United States of America.

5.  The actions complained of herein were taken by representatives of the Commissioner of Internal Revenue (the "Service").

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

7.  Venue is proper within this District pursuant to 28 U.S.C. § 1402(a)(2) because plaintiff's principal place of business is within this judicial district.

## RELIEF SOUGHT

8.  Plaintiff seeks to recover a sum in excess of $723,000,000, together with interest thereon as provided by law, which sum represents an overpayment by Exxon of federal income taxes in excess of $126,000,000 and $122,000,000 and assessed interest in excess of $248,000,000 and $227,000,000 for its taxable years ending December 31, 1977, and December 31, 1978, respectively.

9.  The refund Plaintiff seeks relates to the consolidated federal income tax returns Exxon filed as the common parent of an affiliated group of corporations for the group's 1977 and 1978 calendar taxable years. The returns for the calendar years 1977 and 1978 were timely filed with the Internal Revenue Service Center, Manhattan District, in New York, New York, on or before September 15, 1978, and September 15, 1979, respectively.

10.     Thereafter, the Service assessed deficiencies in federal income taxes and interest against Exxon for its 1977 year in the amounts of $27,978,870.01 ($10,438,877 in tax and $17,539,993.01 in interest) on December 22, 1987, and $332,877,627.01 ($102,116,306 in tax and $230,761,321.01 in interest) on October 27, 1989. Exxon paid these deficiencies on December 31, 1987, and November 14, 1989, respectively. Additionally, the Service assessed a deficiency in federal income taxes and interest against Exxon for its 1978 year in the amount of $334,416,110.83 ($106,758,596 in tax and $227,657,514.83 in interest) on October 27, 1989. Exxon paid this deficiency on November 14, 1989.

11.     Exxon timely filed claims for refund with the Internal Revenue Service Center at Holtsville, New York, on June 12, 1989, in the tax amounts of $109,331,860 and $16,905,725 for the taxable years 1977 and 1978, respectively. These claims for refund satisfied the requirements of section 6511 of the Code. A copy of these refund claims is attached as Exhibit A.

12.     Exxon timely filed a second set of claims for refund with the Internal Revenue Service Center at Holtsville, New York, on August 8, 1990, in the tax amounts of $220,328,120 and $188,652,731 for the taxable years 1977 and 1978, respectively, which supplemented the claims for refund dated June 12, 1989. These claims were further supplemented by a submission made on May 30, 1992. The claims for refund satisfied the requirements of section 6511 of the Code. A copy of these refund claims is attached as Exhibit B.

13.     Exxon timely filed a third set of claims for refund with the Internal Revenue Service Center at Holtsville, New York, on November 8, 1991, in the tax amounts of $257,063,129 and $297,747,065 for the taxable years 1977 and 1978, respectively, which supplemented the claims for refund dated June 12, 1989. These claims for refund satisfied the

requirements of section 6511 of the Code. A copy of these refund claims is attached as Exhibit C.

14. A portion of the tax refund claimed in the above-mentioned filings was attributable to a percentage depletion deduction for natural gas sold under long-term, fixed-price contracts. Exxon's depletion claim relates to gas sold under 14 intrastate long-term, fixed-price contracts referred to as the Texas Industrial Commitment ("TIC") contracts and numerous additional intrastate and interstate fixed-price ("non-TIC") contracts in effect during its 1977 and 1978 taxable years. On audit, the Service failed to treat these contracts as fixed contracts under Section 613A(b)(3) of the Code, resulting in the ineligibility for percentage depletion of the gas sold under those contracts. The Service later proposed a refund under a partial settlement dated April 8, 1997, which would have resolved the fixed contract issue for all contracts but the TIC contracts. The necessary approvals by the Service for the refund were not obtained prior to the Service formally disallowing all pending claims on February 27, 2001.

15. Plaintiff's claim for refund of federal income taxes and interest pertaining to the percentage depletion deduction for natural gas sold under 17 (14 TIC and 3 non-TIC) intrastate long-term, fixed price contracts arises under the following circumstances.

    a. During 1977 and 1978, Exxon produced gas from properties in which it had an economic interest and sold the gas under contracts in effect on February 1, 1975.

    b. The price of gas sold under these contracts could not be adjusted to reflect Exxon's increased tax liability due to the repeal of percentage depletion. I.R.C. §613A(b)(3).

    c. The gas sold under these contracts was transported or processed prior to sale and sold for a price that was less than the applicable "representative market or field price" for the gas as that term is defined in Treas. Reg. §1.613-3(a).

      d.     Plaintiff is entitled to percentage depletion under sections 611, 613, and 613A of the Code based on the applicable representative market or field price for the gas. Exxon Corp. v. United States, 88 F.3d 968 (Fed. Cir. 1996); Exxon Mobil Corp. v. United States, 244 F.3d 1341 (Fed. Cir. 2001).

      e.     The amount of percentage depletion claimed by Exxon with respect to each producing property does not exceed 50 percent of the "taxable income from the property (computed without allowance for depletion)" under section 613(a) of the Code and Treas. Reg. §1.613-5(a). Exxon properly computed the "taxable income from the property" limitation as required by Treas. Reg. §1.613-5(a) by subtracting from its "gross income from the property" as defined in section 613 of the Code and Treas. Reg. §1.613-3(a) all allowable deductions (other than any deduction for depletion) attributable to its oil and gas production operations on the property.

      f.     The Service erroneously failed or refused to allow percentage depletion deductions in excess of $213,000,000 and $208,000,000 for 1977 and 1978, respectively, computed in the manner described in subparagraphs a. through e. above.

     16.     Plaintiff's claim for refund of federal income taxes and interest pertaining to the percentage depletion deduction for natural gas sold under the long-term, fixed-price contracts, other than the 17 contracts covered by paragraph 15 of this Complaint, is based on the fact that those contracts are fixed contracts under section 613A(b)(3) of the Code. Exxon is therefore entitled to percentage depletion deductions with respect to gas sold under these contracts in the amounts of $14,553,702 and $11,219,569 for the taxable years 1977 and 1978. These depletion deduction amounts are in accord with the settlement proposed by the Service on April 8, 1997.

17. A second portion of the tax refund claimed in the above-mentioned filings was attributable to deductions for interest on uncontested federal income tax deficiencies. Exxon's claim for these deductions arises under the following circumstances:

    a. During the 1977 and 1978 tax years, Exxon incurred interest on uncontested federal income tax deficiencies for taxable years 1972, 1973, 1974, 1975, 1976, and 1977.

    b. Exxon is entitled to deduct such interest as it economically accrues under Section 163 of the Code.

    c. The Service erroneously refused to allow Exxon to deduct such interest expense in 1977 and 1978 in the amounts of $22,596,736 and $20,516,116, respectively.

18. A third portion of the tax refund claimed in the above-mentioned filings was attributable to Exxon's share of the deductions and credits resulting from the Prudhoe Bay Unit ("PBU") partnership's incurrence of well plugging, dismantlement, and removal and restoration obligations. Exxon's claim for its share of these deductions arises under the following circumstances:

    a. During 1977 and 1978, and in prior years, Exxon, through its ownership of leases from the State of Alaska and its participation in the PBU partnership, drilled oil and gas wells and installed oil and gas exploration and production equipment and facilities on the North Slope of Alaska at Prudhoe Bay. The equipment and facilities were first placed in service during 1977.

    b. The leases, as well as applicable federal and state rules and regulations, established fixed and determinable obligations to plug the wells, to dismantle and remove the structures, and to restore the properties upon termination of the leases. These obligations

accrued as the wells were drilled and the production equipment and facilities were installed at Prudhoe Bay.

    c.    The costs of well plugging, dismantlement, and restoration could be estimated with reasonable accuracy as of the end of the years in which the obligations were incurred.

    d.    Exxon is entitled to investment tax credit, and depreciation, amortization or intangible drilling cost deductions under Sections 38, 162, 167, 168, and 263 of the Code with respect to well plugging, dismantlement, removal and restoration costs associated with PBU's wells, equipment, facilities, and properties.

    e.    The Service erroneously refused to allow for the 1977 and 1978 tax years investment credits in the amounts of $2,981,876 and $1,600,453, respectively, and it refused to allow deductions of $6,826,612 and $11,225,841, respectively, for depreciation, amortization, and intangible drilling costs incurred as Exxon's share of PBU's credits and deductions.

19.    By reason of the foregoing, Plaintiff has overpaid its federal income tax and interest for the years 1977 and 1978. Defendant has refused or failed to refund any part of the overpayment.

20.    Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

WHEREFORE, Plaintiff prays for judgment against the United States exceeding the sum of $723,000,000, representing overpayments in tax and assessed interest thereon, with interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

Respectfully submitted,

Robert L. Moore, II
Thomas D. Johnston
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 2005-5701
(202) 626-5800

George C. Chapman
Thompson & Knight, LLP
1700 Pacific, Suite 3300
Dallas, Texas 75201

Counsel for Plaintiff

Of Counsel:

Ragan G. Reeves
Tamara W. Ashford
Miller & Chevalier Chartered
655 Fifteenth Street, NW, Suite 900
Washington, D.C. 20005

David J. Bolen
Exxon Mobil Corporation
800 Bell Street
Houston, Texas 77001

8